CORNELIUS RYAN, Respondent, *v.* RICHMOND WARD et al., Appellants.

Where upon payment of a portion of an undisputed account, the creditor gives a receipt in full, he is not concluded thereby from recovering the balance, although the receipt was given with knowledge, and there was no error, or fraud.

(Argued May 22, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial district, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This is an action to recover a balance due on a contract for the delivery of hides. The hides were delivered at various dates, from February, 1863, until the latter part of August in the same year. Payments were made to the plaintiff's agent weekly, and receipts given by him. Fifteen of these receipts, between May and February, were expressed to be *in full*. The referee found the agreement to be as alleged by the plain-

tiff, and that there was a balance due to him, which consisted of the bonus paid by him to butchers on the purchase of hides. This bonus, it is found, was agreed to be paid to the plaintiff, by the defendant's authorized agent, and it accrued from time to time during the whole period of delivery, from February to August.

The referee reported, in favor of the plaintiff, the judgment upon his report was affirmed by the General Term, and the defendants appeal to the Court of Appeals.

*Samuel Hand* for the appellants. A receipt in full, given with full knowledge of all the circumstances and in the absence of fraud, is conclusive. (Starkie on Evidence, vol. 3, 1276; Phillips on Evidence, 4th Am. ed., vol. 3, 653; *Benson* v. *Bennett*, 1 Campb., 394; *Emrie* v. *Gilbert*, 1 Wright R., 764; *Holbrooke* v. *Blodget*, 5 Verm. R., 520; *Sessions* v. *Gilbert*, Brayt. R., 291; *Giddings* v. *Munson*, 4 Verm. R., 308; *Patterson* v. *Ackerson*, Edw. Ch. R., 427.)

*John M. Scribner, Jr.*, for the respondent. As to the terms of the contract and the question of fraud, these were questions of fact for a referee and not the subject of review in this court. (*Cady* v. *Allen*, 18 N. Y., 573; *Hoyt* v. *Thompson*, 19 N. Y., 207; *Marshall* v. *Smith*, 20 N. Y., 251; *Bergen* v. *Wemple*, 30 N. Y., 319; *Ostrander* v. *Fellows*, 39 N. Y., 350; *Wiltrie* v. *Eaddie*, 4 Abb. [N. S.], 393.) The legal right to the bonus once existing, could only be extinguished by payment or release. (*Williams* v. *Carrington*, 1 Hilt., 515; *Seymour* v. *Minturn*, 17 J. R., 169; *Acker* v. *Phœnix*, 4 Paige, 305; *McKnight* v. *Dunlop*, 1 Seld. [5 N. Y.], 537.) A receipt in full of a sum less than the amount due, in no way discharges the right to recover the balance. *Hendrickson* v. *Beers*, 6 Bosw., 639; *Thomas* v. *M'Daniel*, 14 J. R., 185; *Rourke* v. *Story*, 4 E. D. Smith, 57; *McDougal* v. *Cooper*, 31 N. Y., 498; *Colburn* v. *Lansing*, 46 Barb., 37.)

HUNT, C.   The facts are all found in favor of the plaintiff. They are sustained by competent evidence, and the judgment has been affirmed by the General Term.   We can make no inquiry into the facts, but must take them as given by the referee in his report.

There is but a single question of law in the case.   During the delivery of the hides payments for them were usually made weekly.   On several of these occasions receipts were given for the precise amounts paid, which were expressed to be in full for the hides.   In fact, the payment was not in full, but a further sum was then due.   This was known to the plaintiff.   There was no error, and there was no fraud.   Is the plaintiff cut off by these receipts from now recovering the balance actually due to him?

By the finding of the referee this amount now sought to be recovered was, and is, actually due to the plaintiff.   How has the debt been discharged?   Not by payment; not in a settlement, by way of compromise, of disputed accounts.   No such transaction took place.   There was no dispute between the parties.   Neither was asked at any time to yield anything claimed on his part.   Neither party understood that there was any such concession.   There was due to the plaintiff a sum, certain—say $2,000, as an illustration.   The defendants pay $1,500 and the plaintiff gives them a receipt in full for $2,000.   If A. lends B. $2,000, and B. pays A. $1,500, which A. says, either orally or by writing, is in full of the loan, it, nevertheless, is not in full.   A. may at once sue B. and recover the remaining $500.   There is no consideration for the professed discharge.   A man cannot, by the payment of $1,500, pay an admitted debt of $2,000.   This has ever been the law.   In such case nothing less than a technical release, under seal, can bar the recovery.   (*Harrison* v. *Close,* 2 J. R., 448; *Seymour* v. *Minturn,* 17 id., 169; *Mech. Bk.* v. *Hazard,* 13 id., 353.)

I can see no difference, in this respect, between an admitted debt created by the sale of property and an admitted debt created upon the loan of money.   They stand upon the

same plane.   Neither can be satisfied by part payment. (*Hendrickson* v. *Beens*, 6 Bos., 639; 1 Greenl. Ev., §212; auth. *supra*.)

The cases in which a receipt has been held to be conclusive .upon the party giving it will be found to be cases where the claims or accounts were in dispute, and a compromise was agreed upon; or where a receipt was given for unliquidated damages. Such were the cases of *Coon* v. *Knappe* (4 Seld., 402), and *Kellogg* v. *Richards* (14 Wend., 116), cited by the appellant. The first case was where an injury was sustained by the upsetting of a stage-coach. The plaintiff gave a receipt for forty dollars " in full for damages done to me by the stage accident of the 13th of June." This was held to be in the nature of a contract and release, and that it could not be varied by parol proof. It has no resemblance to the case before us. *Kellogg* v. *Richards* was a case where the creditor received the note of a third person for a less sum than that due to him, and in full payment of his debt. In such case the security of a third person forms a consideration for the discharge of the residue of the debt. It is binding as an accord and satisfaction. (*Boyd* v. *Hitchcock*, 20 Johns., 76; *Le Page* v. *McCrea*, 1 Wend., 164.)

In my opinion the judgment of the General Term was correct and should be affirmed.


EARL, C.   Whether or not the contract in reference to the hides was as claimed by the plaintiff in his complaint, was a question of fact finally disposed of by the report of the referee in plaintiff's favor. .

The only question, then, for us to consider, is, whether the various receipts in full were so far conclusive upon the plaintiff, that he could not show by parol that the items for " extra bonus" paid by him to the butchers were, nevertheless his due.

It has long been settled in this State, that a receipt furnishes mere *prima facie* evidence of the facts stated therein, and that it may be controverted or explained by parol evi-

dence. (*Tobey* v. *Barber*, 5 Johns., 68 ; *Kellogg* v. *Richards*, 14 Wend., 116; *Coon* v. *Knapp*, 4 Seld., 402; *McDougall* v. *Cooper*, 31 N. Y., 498; *Filkins* v. *Whyland*, 24 id., 338; *Buswell* v. *Poineer*, 37 id., 312; *McDaniels* v. *Lapham*, 21 Vermont, 222, 232.) This grows out of the fact that a receipt is not a contract. It is a mere declaration or admission in writing. Where a contract is embodied in the receipt, then, so far as the receipt contains a contract, it cannot be controverted or explained by parol.

It has never been intimated, in any case in this State, that it made any difference whether the receipt was for a specified sum of money or in full. The same rule applies, and no reason is apparent why it should not. A receipt for a specified sum of money contains a declaration that so much has been paid upon account, or for a particular purpose. A receipt in full contains a declaration that a certain sum has been paid in full of all claims of a certain kind, or of all demands. Neither kind of receipt embodies any contract. Both furnish only *prima facie* evidence, and are valuable only as such. Both are equally open to explanation or contradiction.

Hence, in this case, there was no error in permitting the plaintiff to show that the receipts in full were given only to cover the price of the hides and the commission of one-half per cent, and that they did not cover, and were not intended to cover, the "extra bonus" claimed in this action.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.