PATRICK H. DREW, Plaintiff, v. THE MAYOR, Etc., OF THE CITY OF NEW YORK, Defendants.

8h 443
79 AD 465

*Receipt — ignorance of its contents — acts of receiptor inconsistent with knowledge thereof — evidence — action for salary.*

The plaintiff was formerly employed to sweep the markets in the city of New York, at sixty dollars per month. Subsequently, the comptroller reduced the pay to fifty dollars per month. This action was brought by the plaintiff to recover the difference, to which he claims to be entitled. Upon the trial, pay rolls signed by the plaintiff, by making his mark, were put in evidence, which stated that the wages were $600 per annum, and containing a receipt in full payment of all services rendered. Plaintiff offered to show that at the time of signing the pay rolls a suit was pending, brought by him to recover the additional ten dollars per month for services previously rendered, in order to show that he was not aware of, and did not assent to the statements contained in the pay rolls. *Held,* that the evidence was properly rejected. (Brady, J., dissenting.)

Motion for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the defendants directed by the court.

This action was brought to recover the amount of certain balances claimed to be due on account of the monthly wages of the plaintiff, as sweeper in the public markets of the city of New York. The rate of wages originally fixed by ordinance or resolution of defendants was sixty dollars per month. Plaintiff received sixty dollars per month for such services from defendants up to the time when the claim in this action begins, November 1, 1872, part of such amount, however, being collected by suit against the city, which would appear from the case to be the suit of which the plain-

tiff, as hereinafter stated, offered to show the pendency. From that time and during all the time mentioned in the complaint, the plaintiff was paid only fifty dollars a month for the same services, and at the time of each payment he signed a pay roll containing a receipt in full in the following form: "Received from Andrew H. Green, comptroller, the sum hereunder placed opposite my name; in full payment for services rendered by me in the capacity and for the period embraced in this pay roll." At the foot of the receipt was stated: "Rate per an., $600. Amount, $50." Defendants denied that there was any more due plaintiff for such services than had been paid, and allege that the plaintiff agreed to take fifty dollars a month for such services. For the purpose of showing that the plaintiff did not agree to receive fifty dollars a month, plaintiff offered to prove that during the time covered by the complaint, he had a suit pending against the defendant to recover a like balance of wages, accrued prior to November, 1872. The cause was tried at Supreme Court Circuit, and the court directed the jury to find a verdict for the defendants, to which direction the plaintiff then excepted. The court also directed that the exceptions be heard in the first instance at the General Term, and that judgment in the mean time be suspended.

*Henry Parsons*, for the plaintiff. The legal right of plaintiff to the balance, ten dollars a month, existed at the end of each month, and the same could only be extinguished by payment or by a technical release under seal. (*Ryan* v. *Ward*, 48 N. Y., 204; *Seymour* v. *Minturn*, 17 Johns., 169; *Mechanics' Bank* v. *Hazard*, 13 id., 353; *Blum* v. *Hartman*, 3 Daly, 47; *McKnight* v. *Dunlop*, 1 Seld. [5 N. Y.], 537; *Acker* v. *Phœnix*, 4 Paige, 305; *Cumber* v. *Wane*, 1 Smith's Leading Cases, p. 439, and notes.) A receipt in full of a sum less than the amount due, in no way discharges the right to recover the balance, and cannot be construed as a contract to accept a less sum thereafter: it is merely a declaration of a fact. (*Ryan* v. *Ward*, 48 N. Y., 204; *McDougal* v. *Cooper*, 31 id., 498; *Hendricksen* v. *Beers*, 6 Bosw., 639; 1 Greenl. Ev., § 212; *Dederick* v. *Leman*, 9 Johns., 333; *Williams* v. *Carrington*, 1 Hilt, 515; *Seymour* v. *Minturn*, 17 Johns., 169; *Mechanics' Bank* v. *Hazard*, 13 id., 353; *Cumber* v. *Wane*, 1 Smith's Leading Cases,

p. 439, and notes; *Geary* v. *Page*, 9 Bosw., 290.) The receipt can be explained or controverted. (*Buswell* v. *Pioneer*, 37 N. Y., 312; *Filkins* v. *Wayland*, 24 id., 338; *McDougal* v. *Cooper*, 31 id., 498; *Coon* v. *Knapp*, 4 Seld., 402; *Kellogg* v. *Richards*, 17 Wend., 116; *Tobey* v. *Barber*, 5 Johns., 68.)

*James C. Carter*, for the defendants.

Davis, P. J.:

The court below committed no error in directing a verdict for the defendant. The plaintiff proved no express contract to pay him sixty dollars per month for his services as street-sweeper. He proved that in 1866 the common council passed a resolution fixing the compensation of sweepers employed in the markets at sixty dollars per month, and that in 1867 the then comptroller, Conolly, directed him to go to work as such sweeper, and that he was paid, for a certain period, at the rate of sixty dollars per month. This showed an implied contract to pay him at that rate. But the plaintiff further showed that he was subsequently paid at the rate of fifty dollars per month, and that, from month to month, for the whole period covered by his claim in this suit, he signed monthly receipts contained in the pay roll of the bureau of markets, in which his wages were set down at $600 per annum for his services as sweeper, and acknowledging the receipt from the comptroller of fifty dollars in full payment for services rendered by him in the capacity of sweeper for the period of the month embraced in each pay roll. This certainly overcame the presumption of a contract to pay sixty dollars for the same period, and showed, by strong inference at least, a contract for fifty dollars per month, or, rather, at $600 per annum, payable monthly. The plaintiff was an illiterate man, and signed the pay roll by making his mark, but he knew what amount of money he got, and that he gave a monthly receipt, and he made no demand for more, but went on working, and receiving that sum, and signing such receipts during the whole several months covered by his complaint. His assent to the price and terms must be assumed, under such a state of facts, on the production of monthly receipts *in full*, each stating the rate of compensation per year, and the amount per month at such rate. The

court was clearly right in directing a verdict upon such a state of facts.

The only other question is upon an exception to the exclusion of evidence. The plaintiff offered to show that during the time covered by the complaint he had a suit pending against defendant to recover a like balance of wages accruing prior to November, 1872.

This evidence was rightly rejected. It did not change the contents of the receipts given, nor tend to show that plaintiff acted under any mistake as to what he was doing in giving monthly receipts in full. On the contrary, it would tend to show that there was a dispute pending as to the amount of his claim, in full knowledge of which he gave and continued to sign and give the receipts in full at fifty dollars per month, and in that view he should be regarded as adjusting a disputed claim on the terms expressed in the pay roll and receipt.

His own previous declaration that he demanded a balance for former services was not competent, and that was all the fact that he had a suit pending for such services tended to prove in his behalf. His declaration touching such service was not admissible to counteract the effect of his receipts, or overcome the presumptions that legally arise from his subsequent transactions.

There are, in my opinion, no grounds for a new trial, and the motion must be denied, with costs.

DANIELS, J.:

I think that the exclusion of the evidence offered, to show that plaintiff had another action pending for a similar claim accruing before November, 1872, was proper.

If he made no agreement to receive sixty dollars a month he should have offered proof of that fact. The acceptance and receipt for the amount was strong evidence to the contrary. It was the adjustment of a disputed claim and for that reason binding.

A new trial should be denied.

BRADY, J. (dissenting):

This action was brought to recover balances claimed to be due on account of the monthly wages of the plaintiff, as a sweeper in the public markets of the city of New York.

The common council, by resolution approved March 20th, 1866, declared the compensation of these sweepers to be at the rate of sixty dollars per month, and that sum was paid up to the 1st November, 1872, and until December 24, 1873, when fifty dollars only was paid, although no change had been made in the rate of compensation thus established by the resolution mentioned.

On the day last mentioned, namely, the 24th December, 1873, the comptroller, by virtue of the authority conferred by section 28 of chapter 335 of the Laws of 1873, fixed the compensation at $600 per annum, fifty dollars per month. When the payment was made on the first of November, and at all payments subsequent thereto, the plaintiff signed a pay roll in which the rate per annum was stated to be $600, and which contained a statement that it was received in full payment for services rendered in the capacity and for the period embraced in the pay roll. The roll was signed by the plaintiff by making his mark, from which it is to be presumed that he could not write his name. It did not appear whether he could read or not, or whether he had in any way been advised of the contents of the paper he signed beyond its being a receipt for the money given him. In answer to this evidence the plaintiff offered to prove, that during the time covered by the complaint, and at the time when the plaintiff was reappointed by Comptroller Green, in February, 1873, he had a suit pending against the defendant to recover a like balance of wages accruing prior to November, 1872, and stated that such evidence was intended to show that plaintiff had not and did not agree to receive fifty dollars per month as a settlement of all claims against the city for such services, or to accept that sum in the future, which was objected to and it was excluded. The pay roll, as a receipt, was not conclusive upon the plaintiff. He had the right to controvert or explain it (*Ryan* v. *Ward et al.*, 48 N. Y., 204); but it would seem to be more than a receipt because it contains a statement that the rate of compensation per annum is $600 and the plaintiff could, if he chose to do so, agree to render the services performed by him for that sum. He was unlettered however, and there is no proof on behalf of the defendants that he knew of the contents of the paper, as already suggested, beyond its statement as a receipt for money paid, while on the other hand the offer rejected tended to show that he did not intend

to execute a contract but a receipt. In either point of view it was error therefore, to reject the evidence thus offered. If a contract be incorporated in a receipt, especially when the person signing it is unlettered, it is or it should be incumbent on the party seeking to maintain it, to prove that it was so understood, otherwise undue advantage might be taken or frauds perpetrated, which the laws are careful to guard against. If the plaintiff had an action pending against the defendant to recover a like balance of wages prior to November, 1872, and at the time he was reappointed by Comptroller Green, it would be a strong circumstance, not only explanatory of the pay rolls as receipts, but in favor of the plaintiff's ignorance of any contract contained in them to do his work for less than sixty dollars per month, which had been paid him, and which he was entitled to receive under the resolution mentioned.

The right of the comptroller to make a more favorable contract for the city cannot be doubted, but the evidence that it was done should be of such strength as to warrant the inference that it was understandingly made, and if such an issue was presented all testimony having a legitimate bearing on the subject should have been admitted and the question determined.

Whether, in fact, any such contract was made, and, indeed, whether it was contended on the part of the defendant to have been made, does not distinctly appear. The paper signed by the plaintiff was, in its general characteristics, a receipt only, and was apparently regarded as such on the trial, and if so, the explanatory evidence could not be rejected, as already shown.

A new trial must be therefore ordered, when the issues, whatever they may be, can be fully examined and disposed of, because unless a different contract was made the plaintiff was clearly entitled to the compensation which the defendants declared by resolution should be his, and which was notice to all the employes named or to be selected.

New trial ordered, with costs to abide event.

Motion denied, with costs.