By the Court.—O’Gorman, J.
The plaintiff was employed by the defendant on September 1, 1881, and was then told by the general manager of the defendants that his salary would not be less than $1,800 per annum ; and that his salary would be fixed by the board of directors at their next meeting.
Plaintiff afterwards received, from time to time, various small sums of money, $5, $10, and $15,—which he borrowed from the general manager and from different members of the board of directors.
The defendant’s board of directors did not fix plaintiff’ s salary until February 24, 1882, when it was fixed, by resolution of the board of directors, at $960 per annum.
Plaintiff testified that he was not informed that his *111 salary had been thus fixed, until October 31, 1882, on which day he was discharged.
The defendants then offered to pay him twenty dollars, which would be the balance then due as salary at the above mentioned rate, which payment he refused to accept.
He signed receipts on April 5, 1881, for $80 “ in full for the month!s salary for March, 1881,” and for various other sums, in full for salary up to dates of the receipts.
As to these receipts, he testified that when he called the attention of the defendants’ book-keeper to the fact that they were worded, as being “ receipts in full,” he was told by the book-keeper that ‘1 that had nothing to do with the contract between plaintiff and the company, that the executive committee would protect him, and that he, the bookkeeper, had to conform to the form the company had adopted.
At the close of the testimony for the plaintiff, the counsel for the defendants moved to dismiss the complaint, which motion was denied ; and after the close of the case, he moved that a verdict be directed for the defendants, which motion also was denied.
At the close of the plaintiff’s case, there was evidence before the jury sufficient to sustain a verdict for the plaintiff, and if on the whole case there was enough to warrant them in coming to the conclusion that the defendants were chargeable with knowledge of what was said to the plaintiff, on the subject of salary, by their chief manager, at the time the plaintiff was hired by him ; and that if after such hiring by their agent, they accepted the services of the plaintiff until the day of his final discharge (October 31, 1882), without informing him that they had by formal resolution fixed a lower salary for him than their general manager had led him to expect he should receive, the plaintiff had been misled through their fault, and they and not he should suffer for their negligence.
It was the province of the jury to decide on the weight *112 and effect of all the evidence in the cas'e, and the issues were left to them fairly by the trial judge for their verdict.
As no order denying motion for new trial was entered, the appeal taken as from such order, should be dismissed, with $10 costs ; and the judgment should be affirmed, with costs.
Sedgwick, Ch. J.
I agree to affirm.
On a motion on behalf of defendants for re-argument of appeal, or for leave to go to the court of appeals, the following opinion was rendered, February 4, 1884.
By the Court.—O’Gorman, J.
The application is based on an alleged mistake as to a matter of evidence, made by me in my opinion, in that I stated that the plaintiff was employed by' defendants on September 1, 1881. The learned counsel for the defendants claims that it appears on the evidence that the time of the alleged employment was about August 15, 1881, to take effect on the first day of September thereafter; and that the agreement being thus for services to commence at a future time, and by its terms not to be performed within one year, was void. The plaintiff testified, “I was first engaged by the defendants to do temporary work, on August 15, 1881. After -my work was then completed, I was offered the superintendency' of construction under the general manager Warren, to take effect September 1, 1881. At that time, I took charge of the office, and was employed by the defendants, &c.” This statement of the plaintiff, I regarded as fixing the date of the employment, at September 1, 1881.
The plaintiff further testified: “I was informed by Mr. Warren, yvhen I was first employed, that my salary would not be less than $1,800.. He told me that about August 15, 1881, when I was first employed there. It was understood my appointment took place from September 1, 1881. These látter statements are not inconsistent with that first referred to, viz : that on September 1, 1881, plaintiff took charge of the office, and was employed by the defendants then.
*113 This question as to the bearing of the statute of frauds on this case, does not appear to have been in any way noticed by the counsel on the trial, or by the learned judge in his charge, and it was for the first time called to the attention of the court on the argument of the appeal.
I do not understand that the plaintiff claimed that the defendants hired him for any fixed or definite period, but only at the rate of $1,800 a year; and the learned trial judge seems to have so regarded the case, and so, in effect, charged the jury.
Unless the plaintiff’s case depended on proof of a contract of hiring, to continue in terms for a year or more, the question whether the contract was made on September 1, the day when it went into effect, or a month before that day, would be immaterial.
The jury were justified in believing that the contract was made on September 1, when the employment began ; and they were also justified in believing, as they no doubt did believe, that there was no evidence of any contract to hire the plaintiff for a year certain, but only an agreement to pay him a sum for each month that he was employed at the rate of $1,800 a year. There is no evidence of a contract by its terms not to be performed within one year.
Thus, the question as to the statute of frauds is in no respect pertinent to this case.
The question as to the effect of the receipts in full signed by the plaintiff, was discussed by*the defendant’s counsel, and fully presented in his printed points. It does not appear that the attention of the trial judge was called to it. The case of Ryan v. Ward (48 N. Y. 204), is, however, conclusive on the subject. A recept in full furnishes only prima facie evidence, and is open to explanation or contradiction ; and explanation satisfactory to the jury appears to have been given in the case at bar.
In my opinion, the motion for a re-argument, or for leave to go to the court of appeals, should be denied, with $10 costs.
Sedgwick, Ch. J., concurred.