## HORACE J. KENNY v. MARY KANE, EXECUTRIX OF JOHN A. KANE, DECEASED.

Although a receipt be given with knowledge, and there was no fraud or mistake, yet if there be sufficient proof that there was no consideration given, it will not sustain a defence of payment.  It is evidence of payment, but not conclusive.

On *certiorari* to the Court of Common Pleas of Essex county to review their judgment on an appeal from the Second District Court of Newark.

Argued at February Term, 1888, before Justices SCUDDER and REED.

For the plaintiff, *McDermitt & Maher*.

For the defendant, *Adrian Scharff*.

The opinion of the court was delivered by

SCUDDER, J.   The case settled and signed by the judge of the District Court, under the statute, shows these facts: that an action was brought by the plaintiff to recover of the defendant for services rendered as an attorney in drawing a will, and for other papers and work done, amounting to $85.   In making proof of the services rendered and their value, he admitted that he had given a receipt for payment of them to

·the defendant, but said that he knew it was of no force, as no part of the claim had been paid. It was given, he testified, because Mrs. Kane said to him that she could not perform ·certain religious duties unless she had a receipt, and that she would afterwards pay what was right. The plaintiff gave the defendant a receipt in writing for $35, in full for all claims ·and demands. The defendant admitted that she did not pay ·any money to the plaintiff at the time the receipt was given; that she owed him some money, but thought his charges ·exorbitant. The District Court judge charged the jury that the receipt was *prima facie* evidence of payment, and that it was not conclusive, but open to explanation, and being solely a question of fact, the jury should determine the same. The jury rendered a verdict for the whole amount claimed. The Court of Common Pleas, on appeal, affirmed this judgment. The verdict of the jury, and the judgment thereupon being final and conclusive between the parties on the facts, we must ·assume that those appearing in the state of the case, which were necessary to sustain the plaintiff's cause, were found by the jury, and determine whether, upon those facts, and the ·direction given by the judge to the jury, the judgment which was pronounced in the Court of Common Pleas will here be ·affirmed. There is really but a single question in the case, and that is, was the receipt given by the plaintiff conclusive against him? The defendant's idea appears to be that if the receipt was executed with true knowledge of all circumstances, ·and there was no mistake, fraud or misrepresentation on the part of the defendant to induce him to sign it, the receipt will be conclusive. The jury would probably not err if they found that there was fraud in the procurement of this receipt by the ·defendant, from alleged pious motives, accompanied by a promise to pay which was never performed. If this were ·necessary to sustain the verdict, I think there is sufficient to justify such finding. Not a dollar was paid at the time the receipt was given, or has ever been paid since.

Fraud, mistake or misrepresentation may be shown, not ·only to annul a simple receipt between parties, but more

solemn agreements, and even releases under seal. The court, in the first instance, and on appeal, did not think that the defendant was in a position to demand this kind of proof, but put the case properly on the intention and understanding of the parties at the time the receipt was given, as it appeared in the testimony. The jury were charged that the receipt was *prima facie* evidence of payment; that it was not conclusive, but open for explanation. The explanation given by parol proof on the part of the plaintiff was not controverted by the defendant, and was properly submitted to the jury.

The rule concerning the evidence afforded by receipts has been so long settled that it seems superfluous to repeat it, yet it is so important to guard against misconception and misapplication that it may be allowed to restate it.

The inconclusive character of a receipt as compared with a release is apparent, when it is said that, while the latter must be pleaded and put on the record as a bar to the action, a receipt cannot be pleaded, but can only be given in evidence under a plea of payment. It is a mere instrument of evidence, and was well defined by Lord Tenterden, in *Graves* v. *Key*, 3. *B. & Ad.* 313, where he says: "A receipt is an admission only, and the general rule is that an admission, though evidence against the person who made it, and those claiming under him, is not conclusive evidence, except as to the person who may have been induced by it to alter his condition. A receipt may therefore be contradicted or explained." And so say all the authorities. *Elwell* v. *Lesley*, 2 *Halst.* 349 ; *Crane* v. *Alling*, 3 *Gr.* 423 ; *Cole* v. *Taylor*, 2 *Zab.* 59 ; *Wildrick* v. *Swain*, 7 *Stew. Eq.* 167 ; *S. C.*, 8 *Stew. Eq.* 326 ; *Dorman* v. *Wilson*, 10 *Vroom* 474 ; *Ensign* v. *Webster*, 1 *Johns. Cas.* 145 ; *Ryan* v. *Ward*, 48 *N. Y.* 204 ; *Bigelow on Est.*, ch. 18 ; 2 *Whart. Ev.*, § 1064, and cases in notes.

The result of an examination of the cases is that, although a receipt be given with knowledge, and there was no error, fraud or mistake, yet if there be sufficient proof that there was no consideration given, the receipt will not sustain the defence of payment. It is admitted, in this case, that there was no

money or other consideration paid when the receipt was given, and that at the time the defendant expressly promised that she would afterwards pay what was right. There is no error in the judgment, and it will be affirmed.