(7 Misc. Rep. 438.)

### HOFFMAN v. RICHTER.

(City Court of New York, General Term. March 9, 1894.)

PLEADING—ANSWER—CONCLUSIONS OF LAW.

> Where a complaint alleges facts from which defendant's liability to plaintiff may be inferred, and the answer does not deny such facts, but denies that defendant is liable to plaintiff, the answer states a mere conclusion of law, and is not a denial of the complaint.

Appeal from trial term.

Action by Sigmund I. Hoffman against Max Richter. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK and NEWBURGER, JJ.

L. Hessberg and M. W. Platzek, for appellant.
Hoffman & Hoffman, for respondent.

VAN WYCK, J. The complaint alleges, in the first paragraph, that about August 5, 1891, the plaintiff and defendant entered into an agreement by which the defendant employed plaintiff to manufacture neckties out of defendant's material, for one year, at 20 cents per dozen, and to supply him with 400 dozen every week during the year, and by which defendant agreed to so manufacture such quantities at such price; and in the second paragraph it is alleged that, pursuant to the terms of said agreement, plaintiff on said day entered upon performance of the same, and so continued up to August 5, 1892. The defendant's answer does not contain a general denial, nor does it contain a specific or other denial, of these allegations set forth in the first and second paragraphs of the complaint; so, it follows that the contract between the parties and its terms were admitted, and so, too, that the plaintiff entered upon and continued his performance of the same. Thus the plaintiff would have been entitled to judgment on the pleadings except for the specific denial, in the answer, of the third paragraph of the complaint, which alleged that defendant had failed to carry out his agreement, in that he had furnished plaintiff with only one-half of the neckties for manufacture which he was to furnish during the year, while plaintiff was always ready and willing to perform as agreed; and the only issue, as so fixed by the pleadings, and which was to be litigated at trial, was whether the plaintiff had duly performed, and whether the defendant had not, and, if not, what were the approxi-

mate damages from his breach of the contract. The denial in the sixth paragraph of the answer of "defendant's individual liability to plaintiff" is a mere conclusion of law, and in no sense a denial of any allegation of the complaint; for the complaint alleges no conclusion of law as to defendant's liability, but merely sets forth facts which are not denied by answer, hence are admitted, and from which the law infers his individual liability. The defendant's effort to introduce evidence as to the persons with whom plaintiff made the agreement, and as to the terms of the contract,—which he had admitted was made by him, and in the terms alleged in the complaint, by not denying,—was properly excluded by the court at trial. And even if his answer had put every allegation of the complaint at issue, still this evidence offered to show that he was liable jointly with others to plaintiff on the contract should have been excluded, because he was estopped from so showing by the written instrument signed by him individually, and delivered to plaintiff, and which is marked "Exhibit A" in the case. The question of fact as to whether it was the plaintiff or the defendant who failed to perform was hotly disputed, for it was conceded that only about one-half of the quantity of neckties had been manufactured; and it was for the jury to say whether such failure was chargeable to plaintiff or defendant. They answered that the plaintiff was free from fault, by returning him a verdict for the full amount claimed, and their verdict is not against the weight of evidence. Judgment and order affirmed, with costs.