FRANKLIN D. TOWER, Respondent, *v.* EDWARD McC. BLESSING, Appellant.

(County Court, Albany County, October, 1899.)

**Evidence — Receipt " in full " not conclusive.**

> A receipt " in full for all demands to date " does not conclude the party who executed it from subsequently explaining or contradicting it.

APPEAL from a judgment rendered in City Court of Albany in favor of plaintiff.

Neile F. Towner, for appellant.

Charles F. Bridge, for respondent.

GREGORY, J.   Upon the trial of this action the plaintiff offered in evidence a receipt dated " January 13th, 1898," executed by the defendant, which contained the following language:   " Received of F. D. Tower, Six hundred fifty-two & 40 Dollars, in full for all demands to date."

The defendant was a witness upon the trial in his own behalf, and on his redirect examination questions were put to him for the purpose of contradicting or explaining the receipt, which were objected to by the plaintiff's counsel, who claimed, in as much as the receipt stated that it was in full for all demands to date, it was conclusive, and, therefore, could not be explained or contradicted.   The objections were sustained and the defendant's counsel excepted.

The question which presents itself upon this appeal is: Whether a receipt in writing expressing the receipt of a certain sum of money " in full of all demands to date " is conclusive upon the party executing it, and incapable of being contradicted or explained. I am of the opinion that the court erred in excluding the evidence offered by the defendant in explanation or contradiction of the receipt.

In Ryan v. Ward, 48 N. Y. 204, receipts had been given on several occasions for hides delivered, which expressed to be in full for the hides; in fact the payment was not in full, for a further sum was then due. Judge Earl, in writing an opinion in that case, uses the following language: " It has never been intimated, in any case in this State, that it made any difference whether the receipt was for a specified sum of money or in full. The same rule applies, and no reason is apparent why it should not. A receipt for a specified sum of money contains a declaration that so much has been paid upon account, or for a particular purpose. A receipt in full contains a declaration that a certain sum has been paid in full of all claims of a certain kind, or of all demands. Neither kind of receipt embodies any contract. Both furnish only *prima facie* evidence, and are valuable only as such. Both are equally open to explanation or contradiction."

The cases cited by the counsel for the plaintiff are to the effect that where a receipt is given for money paid it embodies a contract, it cannot be explained or attacked collaterally, and I agree with the reasons contained in each case cited. But in this case the language of the receipt is not such as to make it conclusive. I am of the opinion that the evidence should have been received. Of what effect and weight it might have had upon the learned judge who tried the case, of course I cannot determine, but from the decision above cited an error has been committed, which I feel calls for the reversal of the judgment and the granting of a new trial.

The judgment should be reversed and new trial granted before the City Court, to be held on the 30th of October, 1899, at nine-thirty, A. M., the costs of the appeal to abide any subsequent judgment.

Judgment reversed and new trial granted, with costs of appeal to abide event.