Action by Edward F. Leber and others against the Zucker, Levett
& Loeb Company. From a judgment in favor of plaintiffs, the de-
fendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-
SLEEVE, JJ.

George C. Coffin, for appellant.

Maurice J. Katz, for respondents.

McADAM, J. The plaintiffs sued for a balance alleged to be due
for their expenses as factors in connection with certain goods which
they claimed were consigned to them by the defendant, and which
were shipped to Buenos Ayres, and the defendant counterclaimed for
the value of said goods on the theory of a sale to the plaintiffs.
There were two shipments. The invoiced value of the first ship-
ment was $183.60, and that of the second $24.30. On the trial the
defendant counterclaimed for $183.60, the value of the first shipment
only. The invoice of these goods, coupled with the testimony of
the defendant's only witness, shows that they were consigned, not
sold; and said witness testified that the defendant made the plain-
tiffs a present of the second shipment. The appellant contends, how-
ever, that, even assuming there was no sale, but a consignment, the
plaintiffs could not recover for expenses, because by the written
contract between the parties it was provided that the plaintiffs should
"bear all expenses of any nature incurred or found necessary in the
prosecution of said work, without recourse upon the parties of the
first part" (plaintiffs). This point, however, cannot be raised for
the first time on appeal. Kafka v. Levensohn, 18 Misc. Rep. 202,
205, 41 N. Y. Supp. 368; Appleton v. Welch, 20 Misc. Rep. 343, 45
N. Y. Supp. 751; Siegman v. Keeler, 4 Misc. Rep. 528, 24 N. Y. Supp.
821; Rusher v. Brennan, 29 Misc. Rep. 142, 60 N. Y. Supp. 283. If
it had been raised, the defendant's objection might have been obvi-
ated. No exception was taken upon the trial, and the justice's find-
ing is fully sustained by the evidence.

Judgment affirmed, with costs. All concur.

---

(37 Misc. Rep. 163.)

EVERS et al. v. OSTHEIMER.

(Supreme Court, Trial Term, Kings County. February, 1902.)

ACCORD AND SATISFACTION.
    A receipt, made by judgment plaintiff, acknowledging payment made
    in full of all claims to date, is insufficient to discharge the judgment,
    where the amount paid was less than the judgment.

Action by John H. Evers and others against Louis G. Ostheimer
on a judgment for $263.11 entered in 1885. Motion by both sides
to move for a direction of verdict reserved at defendant's request.
Verdict directed for plaintiffs.

The defendant pleaded payment, and gave in evidence a receipt made
March 2, 1894, by one of the plaintiffs for $75 from the defendant "in
full of all claims to date," and a like receipt made on the same day by

the other plaintiff for $25 "to satisfy my part of judgment" (describing it). The defendant testified that these were the only payments made on the judgment.

Herman H. Baker, for plaintiffs.
George M. Osgoodby, for defendant.

GAYNOR, J. It is elementary that the payment of part does not satisfy the whole of a liquidated debt, although offered, accepted and receipted for in full. Ryan v. Ward, 48 N. Y. 204, 8 Am. Rep. 539.

A verdict is directed for the plaintiffs.