THE NEW YORK TELEPHONE COMPANY, Respondent, *v.*
JOSEPH SIMON, Appellant.

(County Court, Oneida County, June, 1912.)

Contracts — actions on — pleading — denial of indebtedness.

> Where, in an action to recover on a contract for telephone service, the making of the contract is admitted by the answer, allegations thereof that from and after a certain date the service was defective and of no value, and that the defendant could not use the same, are simply conclusions of law and raise no issue. A mere denial of indebtedness to the amount sued for is insufficient.

DEFENDANT appeals upon questions of law only from a judgment of the City Court of Utica rendered upon the

pleadings, a motion having been made for judgment before any evidence was taken, upon the ground that the amended answer did not raise any issue or contain any defense.

E. P. Jordan, for appellant.

Claude Bonsted, for respondent.

HAZARD, J. The complaint in brief is that the plaintiff, pursuant to a contract between it and the defendant, maintained a telephone station and furnished telephone service to the defendant during the year 1910, including some toll service, and that payment had been made for only the first quarter and the toll service; and demanded judgment for the remaining three-quarters.

An answer was interposed, and subsequently an amended answer was filed, which, as it has been held insufficient, we must briefly consider: It admits the making of a "certain contract" between the plaintiff and the defendant, and the payment of the first quarter's rental and of the toll charges; and continues: "Defendant alleges that from and after April 1, 1910, the service was defective and of no value whatever to the defendant, and that defendant could not use the same." It is further alleged that notice was given to the plaintiff, and a request to remove the phone, and the plaintiff failed to do so;" and continues: "Defendant by reason of such defective service, and failure of plaintiff to remove said telephone, denies that there is now due and owing plaintiff the sum of $28.00 as alleged in said complaint or any part thereof."

Appellant insists in his brief and argument that there is a general denial in his answer. There *was* a general denial in his original answer, but there is none in the amended answer. Unquestionably his original answer is out of the case, and he must stand upon what is in his amended answer. Nicholas Practice, 1047.

His original answer was practically the same as the amended answer, and in view of his attempted, and I think abortive, denials, I do not think that following them up by denials "of each and every allegation not hereinbefore ad-

13

mitted or denied," would aid him materially; but on the whole his original answer was, I think, better than his amended answer. The question remains as to whether an issue was raised by the amended answer recapitulated above.

We have here the case of a contract for telephone service alleged on the one side and admitted on the other. The defendant alleges by way of defense that " the service was defective and of no value." It seems to me that that is not a statement of any fact, but is a conclusion of law only. It should have been followed up by the words " in that " followed by a specification of facts which defendant claims made the service " defective and of no value."

The case is quite similar to that of Hoffman v. Richter, 7 Misc. Rep. 438, wherein it was alleged " that defendant had failed to carry out his agreement, *in that he had furnished plaintiff with only one-half of the neckties for manufacture,"* etc. I think we might read into this defendant's answer an allegation (which it certainly does not contain) that the contract of the plaintiff provided for a fair, reasonable, prompt or faithful service, or something to that effect. Marie v. Garrison, 83 N. Y. 23.

But I do not think that we can also read into it a statement of the *facts* construing a breach of that contract. It is undoubtedly true that much latitude is allowed in pleading in justice's court, and that the rules governing justice's court are applicable to the procedure in the City Court of Utica. Section 2940 of the Civil Code provides that a pleading is not required to be in any particular form, but must be so expressed as to enable a person of common understanding to know what is meant. I do not see how the plaintiff, whether of common understanding or of uncommon understanding, could ascertain from the answer interposed in this case what it was charged with. The rules governing pleading in justice's court are very clearly stated in Wait's Law and Practice (7th ed., vol. 3), page 258: "A party framing an answer or complaint must allege some act or thing which the other has done or has omitted to do in consequence of which there is a cause of action on the one hand or a ground of defense upon the other. The rules of pleading exclude the

allegation of those facts or matters of evidence which go to prove that the other party has done or omitted to do the alleged acts or things, and also exclude an allegation of the legal conclusion which follows or results from the doing or the omission of the acts or things mentioned. *The statute requires a statement of facts."*

Applying the above principles to the fourth paragraph of the answer in question, it seems to me that the words " Defective and of no value " are conclusions of law simply and only. "An averment of a conclusion of law is in general invalid. It raises no issue, does not prevent judgment being rendered on the pleadings, need not be denied, and is not admitted by demurrer." Bates Pleading, Practice, Parties & Forms, 254. Defendant should have alleged *wherein* the service was " defective." An allegation that a party " wrongfully " detains an article is a legal conclusion. *Facts* should be pleaded from which this conclusion may be deduced. Scofield v. Whitelegge, 49 N. Y. 259.

A complaint for negligence must state the particular *act* or *omission* which constitutes that negligence. Evers v. Ostheimer, 37 Misc. Rep. 163.

" Wrongful and unlawful " are conclusions from other facts stated. Rector of St. James Church v. Huntington, 82 Hun, 138.

The remaining statement in the fourth paragraph that " defendant could not use the same " is equally bad. For all that appears it may have been because he was deaf and dumb. He does not say *why*. If it was because the service was " defective," as per his previous allegation, he has not said wherein. The following denial in the seventh clause, of an indebtedness, is too clearly insufficient to need any consideration.

A motion such as plaintiff made is in effect a demurrer to the answer. Quinlan v. Fairchild, 76 Hun, 314.

I think no error was made in granting the motion for judgment on the pleadings, and the judgment must, therefore, be affirmed, with costs.

Judgment affirmed, with costs.