(95 Misc. Rep. 280)

TOOHILL v. NEW YORK & QUEENS GAS CO.

(Supreme Court, Appellate Term, Second Department.   May Term, 1916.)

1. GAS &⇒11—INSPECTION—COMPENSATION OF INSPECTOR—COMPLETION OF
   WORK.
      In an action by a municipal inspector to recover salary from a gas
   company under an appointment limiting his compensation to the duration
   of the work, *held*, the burden was his to establish the duration of the
   work; the defendant owing no duty to terminate his employment by
   notice.
      [Ed. Note.—For other cases, see Gas, Dec. Dig. &⇒11.]

2. ACCORD AND SATISFACTION &⇒11(1)—WRITTEN RECEIPT.
      Plaintiff asked for his salary, and was told he would get nothing un-
   less he signed a receipt in full to date, and after signing such receipt
   was paid the amount stated.  *Held* an accord and satisfaction.
      [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§
   75, 79–82; Dec. Dig. &⇒11(1).]

      Kapper, J., dissenting.

Appeal from Municipal Court, Borough of Queens, Fourth District.
Action by John Toohill against the New York & Queens Gas Com-
pany.   Judgment for plaintiff, and defendant appeals.   Reversed and
dismissed.

Argued May term, 1916, before CLARK, JAYCOX, and KAP-
PER, JJ.

P. F. W. Ruther, of New York City, for appellant.
William A. McLaughlin, Jr., of Jamaica, for respondent.

JAYCOX, J.   I agree with my Brother KAPPER in every respect
save two, and they are the termination of plaintiff's employment and
the question of accord and satisfaction.   The plaintiff is employed for
no fixed period.   The provision in his appointment for payment "at the
rate of $100 per month" fixes no period of employment.   His appoint-
ment was to act as corporation inspector in connection with the work
being carried on in the borough of Queens by the New York & Queens
Gas Company.   It would therefore appear that the plaintiff's employ-
ment was limited to the time when that company was doing work in the
streets.

The necessity of a permit from the department of water supply, gas,
and electricity is conceded.   The defendant, in this case, obtained such
permit.   The seventh condition in the permit provides for 48 hours'
notice to the borough engineer before any work is done under it.   This
permit further expressly provides:

   "No work shall be done except under the supervision, to the satisfaction of,
   and in the presence of inspectors appointed by the commissioner of water
   supply, gas, and electricity, and the said company shall pay for the services
   of said inspectors at the rate of one hundred ($100) dollars per month each,
   during the time the work under this permit shall be actually in progress."

[1] Under this permit the defendant was only to pay the inspector
"during the time the work under this permit shall be actually in prog-

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ress." The plaintiff is entitled to recover his pay at the rate of $100 per month for such period only as the work under the permit issued to the defendant was actually in progress. The burden of proof is upon the plaintiff to establish the continuance of the work. I am of the opinion that the defendant was not required to send any notice terminating plaintiff's employment.

[2] I am further of the opinion that there was an accord and satisfaction. When the plaintiff asked for his pay, he was told that he must sign the receipts which were in evidence or he would get nothing, whereupon he signed the receipts in question, each of which recited that the payment then made was in full to date. After he had signed this receipt he was paid. This brings the case clearly within the doctrine stated in Fuller v. Kemp, 138 N. Y. 231, 238, 33 N. E. 1034, 1035 (20 L. R. A. 785), where it is said:

"When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or accept it upon such condition. If he takes it, his claim is canceled, and no protest, declaration, or denial of his, so long as the condition is insisted on, can vary the result." Nassoiy v. Tomlinson. 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Genung v. Village of Waverly, 75 App. Div. 610, 77 N. Y. Supp. 581; Komp v. Raymond, 42 App. Div. 32, 58 N. Y. Supp. 909.

The same doctrine applies whether the dispute arises over a question of fact or of law. Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102; affirmed 178 N. Y. 562, 70 N. E. 1101; Dunn v. Whalen, 120 App. Div. 729, 731, 105 N. Y. Supp. 588. I advise that the judgment and order be reversed, with $30 costs, and judgment directed for the defendant, dismissing the complaint upon the merits, with appropriate costs below.

CLARK, J., concurs.

KAPPER, J. (dissenting). The judgment awarded plaintiff a recovery representing the amount alleged to be due him as a "corporation inspector" for inspecting the work done by the defendant in public streets under permits issued by the department of water supply, gas, and electricity in the borough of Queens. The defendant, as its name implies, is a public service corporation for the supplying of gas. Plaintiff's work is said to have commenced when he received an appointment in writing, dated September 18, 1914, signed by the acting commissioner of the department, the material portion of which is as follows:

"Beginning to-morrow (Saturday) you may until further notice act as corporation inspector in connection with the work being carried on in the borough of Queens by the New York & Queens Gas Company. You will be paid by them at the rate of $100 per month."

Plaintiff claims to have reported for duty on September 19, 1914, and that he continued in his work until February 20th following. His services were described as seeing to it that the mains installed by the defendant in public streets "were installed according to the plans submitted by the" defendant to the department, and "that the defendant performed the work of laying mains in the proper manner * * * according to the plans submitted." He further says that this work

was carried out in such sections of the borough of Queens as covered the defendant's business operations, and that he was required to report his inspections to the department twice a week. He claims that the $100 a month is salary and that its payment by the defendant should continue until the department notified him that his designation was revoked.

The defendant does not dispute plaintiff's appointment, and expressly admits plaintiff's assignment to this work, but contends that it was obliged to pay the plaintiff only for the actual days spent by him in inspection, and that it was incumbent upon the plaintiff to establish the number of days so spent by him, and for which the defendant should only pay the ratable proportion on the basis of $100 a month. When the defendant was about to open streets for the purpose of laying mains or making connections therewith, it required and obtained a permit from the department of water supply, gas, and electricity for each independent street opening, which permits contained the following provision:

"No work shall be done except under the supervision, to the satisfaction of, and in the presence of, inspectors appointed by the commissioner of water supply, gas, and electricity, and said company shall pay for the services of said inspectors at the rate of one hundred ($100) dollars per month each, during the time the work under this permit shall be actually in progress."

It seems that several openings might be made contemporaneously with each other, and the completion of the work under the several permits would frequently overlap each other, so that an opening might be left for several days without the work being finally completed, while other openings were being made and work done therein.

The defendant does not dispute the right of the city department to designate an inspector to its work when carried on in public streets, nor its duty to pay the reasonable cost of such inspection. The rate fixed in the permit, $100 a month, must be regarded as reasonable, in view of the defendant's acceptance of the permit with the condition attached. The question is not as to the time of the commencement of the inspection, which is admitted to have been upon the issuance of the permit, but the time of its completion. The view I take of the plaintiff's designation is that it was in the nature of an employment, to which the defendant became a party and agreed when it asked for and received permits to open the streets and work therein, without which permits the necessary work could not be done. That the city department in question possesses cognizance and control over the matter of laying gas mains in the streets of the city was decided in People ex rel. Queens Borough Gas Co. v. Connolly, 89 Misc. Rep. 555, 153 N. Y. Supp. 721. The grant of power in a city charter to regulate the use of the streets implies the power to impose all such reasonable conditions in relation to their use as will tend to the accomplishment of the municipal duty to provide for the general welfare and safety of the community in that respect. City of Buffalo v. Stevenson, 207 N. Y. 258, 100 N. E. 798. As a condition of granting a permit for street openings, the department having cognizance and control over such

streets may require the public service corporation to pay the salaries of such inspectors as the department may assign to the work of inspection, in so far as there is no abuse of the power by the designation of an unnecessary number of inspectors or the designation of inspectors at an unreasonable rate of compensation. People ex rel. Consolidated Tel., etc., Co. v. Monroe, 85 App. Div. 542, 83 N. Y. Supp. 382, affirmed without opinion in 176 N. Y. 567, 68 N. E. 1122; People ex rel. Queens Borough Gas Co. v. Connolly, supra.

If, then, we regard the designation of an inspector by the city department to the street work to be carried on by a public service corporation as an employment, the only reasonable construction here is that this employment continued until the corporation terminated it by notice to the department which designated the inspector that its work in the streets had been completed and that the services of the inspector were no longer needed. This is the only practicable result that the situation can properly work out. An inspector who undertakes such an assignment holds himself in readiness to investigate and report the work which the defendant is doing in the public streets. Such work may be at one point on one day, and at another or several other points on the same day, or on some other single day. The work so overlaps as to render it impossible to make payments for this inspection ratably on a single street opening. And where a public service corporation, which as an essential part of its franchise is required to make frequent street openings, and to do so is obliged to accept the services of an inspector detailed and assigned thereto by the department having cognizance and control of the streets in which the corporation operates, it is neither a hardship nor an unreasonable exaction upon it to require it to notify the department that the work is completed and that inspection is no longer necessary, and that it therefore terminates the inspector's employment. Down to that time the inspector is entitled to his salary at the rate of $100 per month. If the good faith of the corporation in the termination of the employment arises, or is presented, that can be determined as any question of fact. Likewise, as to the possible insistence of either the inspector or the commissioner of the department that the work is not in fact completed, so as to entail further inspection. But, to bring about an ending of the inspector's designation, the duty is upon the corporation to notify the department of the completion of the work under the permits, and, as that was not done in this case, the defense that the work was finished before the end of the period sued for must fail. If the circumstances show an employment which could only be terminated in the manner pointed out, the doctrine of accord and satisfaction cannot be invoked to defeat the plaintiff's claim, as the amount to which he was entitled was not the subject of dispute, and the receipt by him of a sum less than that for which the defendant was liable, even if said to be "in full," cannot satisfy the whole of a liquidated debt. Evers v. Ostheimer, 37 Misc. Rep. 163, 74 N. Y. Supp. 872; Ryan v. Ward, 48 N. Y. 204, 8 Am. Rep. 539.

The plaintiff was therefore entitled to be paid for the five months for which he sued, less the amount which the defendant paid him on ac-

count, which in this case was $240, instead of $196, as admitted. The judgment should be modified, by reducing the plaintiff's recovery to $260, with appropriate costs in the court below, and, as modified, the judgment should be affirmed, without costs.