## MOSEL v. WILLIAM H. FRANK BREWING CO.

(Supreme Court, Appellate Division, Second Department.    February 18, 1896.)

PAYMENT—RECEIPT—PAROL EVIDENCE.
>    In an action for purchase price of an article, the question of payment is for the jury, notwithstanding a receipt acknowledging payment, there being parol evidence tending to show that there was no payment.

Appeal from circuit court, Queens county.

Action by Christian Mosel against the William H. Frank Brewing Company.    From a judgment entered on a verdict directed for defendant, plaintiff appeals.    Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Bernard J. Isecke, for appellant.
M. Hallheimer, for respondent.

BARTLETT, J.    This litigation grows out of the sale of a chattel mortgage.    The defendant purchased this mortgage from Mrs. Bettina Hammersen, through August Hammersen, her husband.    According to his account of the transaction, the purchase price was $500, of which $325 still remains unpaid.    According to the account given by the witnesses for the defendant, the purchase price was $350,

for the whole of which Mrs. Hammersen accepted in payment two promissory notes aggregating that amount, which were made by the Fred Hower Brewing. Company. Mrs. Hammersen assigned her claim to the plaintiff, who brought this suit to recover the balance of $325 alleged to be due thereon. There was a conflict in the evidence on two issues: First, as to whether the mortgage was sold for $500 or $350; and, second, as to whether the purchase price, whatever it was, had been paid by the transfer and acceptance of the notes already mentioned. At the conclusion of the case, however, the learned trial judge directed the jury to find a verdict for the defendant, holding that the testimony showed that the notes had been received in payment for the mortgage, and also that a receipt or agreement which the defendant had put in evidence operated conclusively to relieve the defendant from liability. The exception taken by plaintiff's counsel to this direction presents the only question which it is necessary to consider on this appeal.

The written instrument to which the court gave this conclusive effect was in the following terms:

"Received at date, from the Wm. H. Frank Brewing Company, three hundred and fifty dollars ($350), in consideration of which payment and sum we hereby release and discharge said company from all claims and demands in the chattel mortgage made by Jacob Seibert to Bettina Hammersen.

"Dated Evergreen, Queens Co., N. Y., January 31, 1895.
　　"[Signed]　　　　　　　　　　　　Bettina Hammersen,
　　　　　　　　　　　　　　　　　　　"By August Hammersen.
　　　　　　　　　　　　　　　　　　　"August Hammersen."

There was no claim on the part of the defendant that the mortgage was paid for in n·  ·, but this paper was offered as evidence that the notes of the I.  .. Hower Brewing Company, which represented $350, and were turned over to Mr. Hammersen, had been taken by him as absolute payment, instead of being received, as he contended, only to be retained as payment in the event that he could get them discounted, which he was unable to do. But the proof was not limited to this instrument alone. Testimony was given on both sides as to what was said at the time it was signed. So far as it purported to be a receipt, it was competent for the plaintiff thus to attack it. A receipt may be contradicted or explained by parol evidence. It is only prima facie proof of the facts stated in it. Ryan v. Ward, 48 N. Y. 204. If the same instrument contain both a receipt and a contract, parol evidence may be received to controvert or explain it, so far as it is an acknowledgment of payment, but ordinarily no further. This rule was recognized, apparently, in taking the proof upon the trial under review; but, at the close of the evidence, it seems to us the court erred in refusing to give any effect whatever to the parol evidence introduced by the plaintiff which tended to show that there had been no payment, although the receipt recited one. That evidence certainly was sufficient to raise an issue of fact, which should not have been taken away from the jury. The instrument did not conclusively establish the defense of payment, and it was for the jury to say what weight should be given to it in support of that defense. There was also a conflict of evidence as to the amount of the agreed

purchase price.    Both these issues of fact required the submission of the case to the jury.    It was therefore error to direct a verdict, and the judgment must be reversed, and a new trial granted.    All concur.