## WHITE v. TOWN OF ELLISBURG.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

1. CUSTOMS AND USAGES—EVIDENCE.
   On an issue as to whether a contract to construct an "iron bridge" required the use of iron joists, the contract being silent in regard thereto, it is competent to ask persons experienced in bridge building the meaning of the term "iron bridge," when nothing is specified as to the material of which the joists are to be constructed.

2. OFFICERS—AUTHORITY OF ONE TO REPRESENT ASSOCIATES.
   Where work under a contract made by several town officers acting as a body is apparently under the personal supervision of one of them, instructions given by him to the contractor, purporting to be the instructions of the several officers as a body, are binding, unless it appears that such officer exceeded his authority.

3. EVIDENCE—RECEIPTS.
   In an action for work done, the court properly refused to charge that a receipt reciting payment of a certain sum for the work done raised a presumption of payment of the entire contract price, where plaintiff had given parol evidence that a further sum was due him, and that it was expressly understood when the receipt was given that it related only to money paid at the time.

Appeal from circuit court, Jefferson county.

Action by George W. White against the town of Ellisburg. From a judgment entered on a verdict in favor of plaintiff, and from orders denying motions for a new trial made on the minutes of the court, and on the ground of newly-discovered evidence, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Watson M. Rogers, for appellant.
Irving G. Hubbs, for respondent.

ADAMS, J.　On the 25th day of November, 1889, the plaintiff entered into an oral contract with the defendant, through its commissioners of highways, to construct a Whipple arch iron bridge over a stream known as "Bear Creek," in the town of Ellisburg and county of Jefferson.　The structure was to be 50 feet in length, having a roadway of 18 feet in width, with plank flooring 3 inches thick, and capable of sustaining a weight of 80 pounds to the square inch. The contract price of the bridge, viz. $425, has been paid, and this action is brought to recover the sum of $96, the actual cost of iron joists which it is alleged were substituted, at the request of the commissioners, in the place of the wooden ones contemplated by the original contract.　The plaintiff testified that, at the time the contract was entered into, it was not specified that the joists were to be of iron, and that, by reason of this omission, custom left it optional with him to use wooden joists, but that subsequently he was informed by one of the commissioners that he and his associates had been considering the matter, and, as a result of their deliberations, they had determined to have him substitute iron joists in the place of the wooden ones, which he consented to do if paid the difference in their cost.　He further testified that, immediately upon receiving these instructions, he countermanded an order he had heretofore made for wooden joists, and procured iron ones, which were subsequently used in the bridge.　This evidence, or so much of it as relates to the substitution of iron for wooden joists by direction of the commissioners of highways, was flatly contradicted by the defendant's witnesses, who testified that it was one of the terms of the original contract that the joists were to be of iron.　And the issue of fact thus raised was fairly and properly submitted to the jury, who rendered a verdict in favor of the plaintiff.　We do not understand that any question is raised as to the adequacy of the evidence to sustain this verdict; but it is contended that error was committed by the learned trial justice in the admission and rejection of evidence, as well as in the refusal to charge certain propositions in accordance with the request of counsel, and that such error is so prejudicial as to require a reversal of the judgment and order appealed from.　We shall endeavor, therefore, to consider such of the exceptions relied upon by the appellant's counsel as possess enough importance to require any examination.

During the trial several witnesses were called who had had more or less experience in building different kinds of bridges, and they were asked the meaning of the term "iron bridge," when nothing is specified as to the material of which the joists are to be constructed. This question, as asked of the several witnesses, was framed in various ways, but in each instance it was obviously designed to draw out an answer which should show the meaning which custom had given to these words.　The defendant's counsel objected to the question as often as it was asked, and to the ruling of the court which permitted it to be answered an exception was duly taken.　The answers of the

several witnesses varied somewhat in phraseology, but they were all to the effect that, unless iron joists were specified, custom permitted the builder to use any material which was capable of carrying the stipulated weight, and it is now insisted that the admission of this character of evidence constituted reversible error. One of the rules of evidence which has obtained very general recognition is that it is competent to prove custom or usage in relation to matters embraced in a contract, where the custom sought to be established is reasonable, well understood, not contrary to the terms of the contract, and so far known to the parties as to raise the presumption that the contract was made with reference to it. Dana v. Fiedler, 12 N. Y. 40; Bissell v. Campbell, 54 N. Y. 353; Newhall v. Appleton, 114 N. Y. 104, 21 N. E. 105; Atkinson v. Truesdell, 127 N. Y. 230, 27 N. E. 844. In this case the evidence discloses that not only was there a prevailing usage among bridge builders in regard to the material employed for joists, which was reasonable in its character, but the plaintiff testified that upon a former occasion when he was about to build another iron bridge for these same commissioners he stated to them "that, if they wanted and expected to get iron joist, to be sure and have it mentioned; for a contract for an iron bridge, without that was especially mentioned that the joist was to be iron, would go without saying that the joist would be wood"; and Mr. Decker, one of the commissioners, and a witness for the defendant, testified that he "understood before making this contract that a contract for a Whipple arch iron bridge, if silent as to joists, would permit the contractor to use such as he saw fit," and for that reason he was particular to have iron joists mentioned at the time the contract was made. In view of these circumstances, and more especially of the testimony just quoted, it is difficult to see upon what theory it can be claimed that evidence of custom was harmful to the defendant, even if there were any question as to its competency, which we think there was not.

The plaintiff was also permitted, over the defendant's objection and exception, to detail a conversation which he claims to have had with Commissioner Decker some three or four weeks after the contract had been entered into, in which he says he was directed to substitute iron for wooden joists; and it is insisted that this evidence was incompetent for the reason that its effect was to permit one commissioner to modify the original contract without the concurrence of his associates. It is to be noted, however,—and this, as we think, furnishes a complete answer to the defendant's contention in this regard,—that the plaintiff was only attempting to prove a direction received by him during the progress of his work from one of the commissioners, who expressly stated that such direction was given after consultation with, and by the authority of, his co-commissioners. In other words, Decker was the commissioner who appeared to have personal supervision over this particular piece of work. In giving directions to the plaintiff, he simply assumed to carry out the instructions and wishes of all the commissioners as a body, and there is nothing in the record to show that in so doing he was acting beyond the scope of his authority.

The plaintiff was likewise permitted to testify that he countermanded an order which he had given for wooden joists, and it is claimed that the exception to the ruling of the court in this particular presents error. We are unable to assent to this proposition. Evidence had been given without objection that wooden joists had been ordered; and, with this fact appearing, we do not see how it helped the plaintiff or harmed the defendant to supplement it with the further statement that the order was subsequently countermanded.

The only remaining exceptions which we deem it necessary to consider are those taken to the refusal of the court to charge in accordance with certain requests of the defendant's counsel. The defendant had introduced in evidence a receipt which was given by the plaintiff, and which read as follows:

"449.53.                              February 12, 1890.   Ellisburg.

"Received of the commissioners of highways four hundred and twenty-five dollars for bridge and materials furnished for Bear creek.   Twenty-four $53/100$ dollars for extra work on abutments.                    G. W. White."

At the conclusion of the charge of the learned trial justice, he was asked to instruct the jury that this receipt raised a presumption of the payment of the entire contract price of the bridge. This request was declined, the court stating that he would leave that question for the jury to determine. The plaintiff had testified that, when asked to sign this receipt, he read it over, and stated to the commissioners that it was not drawn exactly as he would like it, but that he did not suppose it would cut off his claim in any way, as it appeared to be only a receipt for the money, that was then to be paid him, and that he was thereupon assured by the commissioners that that was all it was designed for. We think that, with this evidence in the case, the plaintiff was entitled to have the jury consider the same in connection with the receipt itself, and then to determine for themselves what effect would be given to the receipt, without the aid of any construction by the court. Mosel v. Brewing Co., 2 App. Div. 93, 37 N. Y. Supp. 525. Later on, the court was requested to charge the jury that, irrespective of any parol evidence of the transaction, the receipt would raise a presumption of payment of the entire contract price of the bridge. This request was likewise refused; the trial justice saying that he would leave it to the jury to determine what effect would be given to it, without any construction by him. We think the court very properly declined to charge in accordance with this last request; for, as has already been shown, there was some parol evidence which the jury had a right to consider in connection with the giving of this receipt, and which the court could not properly ignore. The last request, therefore, involved nothing more nor less than an abstract proposition, which had no relation to the circumstances of this case, and which the court was consequently under no obligation to charge.

The defendant's appeal also brings up for review an order of the special term denying a motion for a new trial upon the ground of newly-discovered evidence, which evidence, it appears, is of no material value, except as it may tend to contradict certain facts testi-

fied to by the plaintiff. After reading the affidavits upon which the motion was founded, we are convinced that they fail to show that the evidence which the defendant seeks to avail itself of is of such a character as to justify the court in assuming that it would probably change the result if another trial were had. Nor does it appear that proper diligence was employed upon the former trial to procure this evidence, although ample opportunity was afforded the defendant so to do after its materiality had become manifest by the testimony of the plaintiff. We conclude, therefore, that no sufficient reason is furnished for granting a new trial upon any of the grounds relied upon by the defendant.

Judgment and order denying the motion for a new trial affirmed, with costs, and the order of the special term denying the motion for a new trial upon the ground of newly-discovered evidence affirmed, with $10 costs. All concur.