## N. Y. COMMON PLEAS.

THE TRUSTEES OF THE NORTHERN DISPENSARY OF NEW YORK agt. BENJAMIN W. MERRIAM *et al.*

*Foreclosure of mortgage — judgment for deficiency — when and under what circumstances motion to set aside such judgment may be made — Code of Civil Procedure, section* 1290.

In a foreclosure suit judgment for a deficiency was entered against parties upon a covenant in the deed given them upon the purchase of the property, whereby they assumed the payment of the mortgage. In the contract for the purchase they were simply to take the property subject to the mortgage. When they were made parties to the foreclosure suit they were unable to find the contract, and did not, until some time after judgment, discover that by the deed they were made to assume the mortgage, the instrument having been drawn without their inspection; they, therefore, allowed the foreclosure suit to go by default:

*Held,* that when the contract was discovered, it being within ten years after the judgment was entered, the defendants were entitled to ask that the judgment be opened and they be allowed to come in and defend.

As, by the terms of the contract, defendants were not to assume the mortgage the covenant which imposed the liability upon them was a mutual mistake between the parties thereto; and when the discovery of the contract showed defendants' non-liability for the deficiency they then had the right to resist responsibility which they had unknowingly assumed.

*Special Term, July,* 1880.

IN this foreclosure suit judgment for deficiency was entered against Messrs. Koch & Jacob, attorneys, on November 9, 1878, upon a covenant in the deed given them upon the purchase of the property, whereby they assumed payment of the mortgage. In the contract for the purchase they were simply to take the property subject to the mortgage. When they were made parties to the foreclosure suit they were unable to find the contract, and did not until then discover that by the deed they were made to assume the mortgage, the instrument

having been drawn without their inspection; they, therefore, allowed the foreclosure suit to go by default. Then when the contract was discovered the defendants, Koch & Jacob, asked that the judgment be opened and they be allowed to come in and defend.

LARREMORE, *J.* — This motion is made by the defendants, Koch & Jacob, to open a judgment entered by default against them November 9, 1878. It is based upon an error of fact not arising upon the trial and falls, therefore, within section 1290 of the Code of Civil Procedure. By the terms of the contract of sale they were not to assume the mortgage in question; and the covenant in the deed which imposed this liability upon them was a mutual mistake between the parties thereto, for the contract was *in writing* and there is nothing to show that there had been any change in its terms, in pursuance of which the deed should have been drawn. Not having the contract at hand when the foreclosure was had the defendants rightfully suffered a default, but when the discovery of the contract showed their non-liability for the deficiency they then had the right to resist the responsibility which they had unknowingly assumed. Suppose the recital of the amount of the mortgage in the deed had exceeded the amount of that named in the contract, would the former control and leave the defendants without any redress? There is no principle of equity that would sustain such a proposition. The defendants are entitled to their defense (*Kilmer* agt. *Smith*, 77 *N. Y.*, 226). Nor can I understand how a stipulation, to which these defendants were not parties, could change the order of payment of the liability of the defendants who were responsible for the deficiency.

According to the usual practice the liability was both joint and several, and I cannot understand from the papers submitted how the defendant Merritt has become a guarantor for these defendants. If he had paid the claim he might claim contribution, but he cannot insist, by virtue of any legal

right, that a newly-discovered and meritorious defense may not be interposed to an alleged personal liability where the laches are satisfactorily explained and the foreclosure proceedings proper are not impugned or delayed.

Motion granted on payment of costs; order to be settled, on notice, July twentieth at 11 A. M.