Lawrence, J.
This action has been pending for nearly five years, and the defendants after having answered ready at the February and March circuits of this year, now move to amend their answer by setting tip, in addition to the defenses contained in the original answer, that there was not any authority in law for the publication in the New York Evening Express newspaper of the proceedings of the common council hereinbefore admitted to have been published in said newspaper.
The application is based upon an affidavit of Mr. Lacombe, one of the assistants to the counsel to the corporation, who alleges in his affidavit that the present answer in this action was not prepared by deponent, but by a counsel no longer in the office of the counsel to the corporation. That it was said counsel’s habit in *351 the course of his business in drawing answers, to draw them on the lines indicated in the comptroller’s letter, he having always a large number of answers to draw, and being thereby prevented from giving such mature consideration to each case as might in some cases be needful. That the reason it has not been sought to make the -amendment a.t an earlier day is, that deponent has only recently given his serious attention to the preparation of this case for trial, the plaintiff never having manifested until very recently any intention of pressing the case for trial.
The rule laid down by the general term as applicable to cases of this character is well stated in the opinion of Mr. Justice Daniels in the case of Lunny v. Mayor, &c. of N.Y. (MSS. opinion). In that case the learned justice says : (i It is true that great delay has intervened between the service of the answer and the application for leave to make the amendment to it now proposed, and in actions against an individual ox a private corporation that delay would present a very serious obstacle in the way of the success of the application itself. But in an action affecting public interests which ordinarily do not stimulate that degree of earnest zeal and activity which is aroused in individuals affected by legal proceedings, the same considerations cannot be rigidly applied. It there becomes the duty of the court, as well as of the officials themselves, to see that no substantial injustice shall be permitted (Seaver v. Mayor, &c. of N. Y., 7 Hun, 331). The public interests are not to be allowed to be prejudiced by mere delays of this nature. And where that result can be avoided, as it can be in this controversy, without serious embarrassment to the rights of the plaintiff, it should be done by allowing proper amendments and corrections in the pleadings and other proceedings in the action. ” If in point of fact there was no authority in law for the publication of the notice in question in the New YorTc *352 Evening Express, ifc was the duty of the representative of the city to have set up that defense in his original answer. Whether such authority existed or not was equally well known to the plaintiff and to the defendant. Therefore, I do not think that there can be said to be such a serious embarrassment to the rights of the plaintiff, should this amendment be allowed, as to bring this case within the exception stated in the opinion of Mr. Justice Daniels.
I think, however, that the amendment should be allowed upon the condition that the defendants pay to the plaintiffs the costs of the action up to the present time and the costs of this motion. And the order will' be without prejudice to the right of the plaintiff to move to refer the cause, in case he should be so advised.