THE BELGIAN GLASS COMPANY, Respondent, *v.* THEODORE
PABST et al., Appellants.

The parties entered into a contract by which defendants agreed to sell the
goods manufactured by plaintiff on commission.   Plaintiff guaranteed to
supply defendants with goods to at least the value of a sum specified, and
in case of failure so to do defendants were entitled to the agreed commis-
sions on that sum.   Either party had the right to terminate the agreement
by giving to the other a year's notice.   In an action to recover proceeds of
sales in defendants' hands, the referee found that plaintiff was led, by
acts and assurances of defendants, to believe that they would only charge
commissions thereafter on actual shipments, and were induced thereby to
refrain from giving notice of a termination of the agreement.   *Held,* that
defendants were estopped from claiming thereafter commissions under
the guaranty in the contract.

(Argued December 7, 1885 ; decided January 19, 1886.)

THIS was an action to recover a balance alleged to be in de-
fendants' hands ; the proceeds of goods sold by them as agents
for plaintiffs.   Defendants claimed that the sum retained was
commissions to which they were entitled to under the contract
between the parties.   The substance of the contract is stated
in the head-note.   The following is an extract from the
opinion.

" The court is asked to reverse the judgment in this case, on

the ground that the finding of the referee that the defendants were estopped from claiming the guaranteed commission on the deficiency of shipments in 1876, under the contract of June 3, 1872, is unsupported by any evidence. The referee found in substance that the plaintiff was induced by the acts and conduct of the defendants to forego, in January, 1875, the giving of a year's notice of the termination of the contract, the right to do which, at any time, was reserved therein, upon the belief that they would not claim commissions, except on actual shipments made by the plaintiff. If notice of the termination of the contract had been given at that time, the question presented on this appeal could never have arisen.

" We think there can be no doubt in point of law, that if the defendants induced the plaintiff to believe that they would not thereafter claim commissions, except on actual shipments, and that in reliance upon such assurance, made in words or by conduct equivalent to words, the plaintiff forbore to give notice, the doctrine of equitable estoppel applies, not perhaps working in a strict sense a modification of the contract."

The remainder of the opinion is taken up with a discussion of the evidence, the court reaching the conclusion that it justified the finding of the referee.

*William H. Waring* for appellants.

*Frederick R. Coudert* for respondent.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.