FORTUNATO v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Common Pleas of New York City and County, General Term.   February 6, 1893.)

1. VACATING JUDGMENT—AMENDMENT OF PLEADINGS.
   Where, in an action tried to a referee to foreclose a municipal mechanic's lien, the only question in litigation upon the pleadings, as originally filed, is the determination of the amount and precedence of certain claims against respondent city upon a contract with D., and the referee at a hearing, when respondent's counsel is not present, allows D.'s motion to amend his answer, permitting a recovery for extra work upon the contract, and judgment for this work is rendered against respondent, it is within the discretion of the court, under Code Civil Proc. § 724, providing that the court may relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, to open this judgment to permit respondent to oppose the motion to amend.

2. SAME—JURISDICTION.
   The court, irrespective of this section, has inherent power to grant such relief.

Appeal from special term.

Action by Maicho Fortunato against the mayor, aldermen, and commonalty of the city of New York and others to foreclose a municipal mechanic's lien.   From an order opening a judgment recovered against the mayor, etc., to permit the mayor, etc., to oppose a motion which allowed defendant Dawson to amend his answer, defendants Dawson and the Twelfth Ward Bank appeal.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Charles W. Dayton and C. J. Hall, for appellants.

William H. Clark, Corp. Counsel, (Theodore Connelly and John L. O'Brien, of counsel,) for respondent.

PRYOR, J.   The action is to foreclose a municipal mechanic's lien, and to determine the amount and precedence of several claims against the city under a contract with one Dawson.   As the case stood upon the pleadings, before the amendment complained of, the city was a mere stakeholder; and the only question in litigation was to whom, in what order, and in what amounts the money due to Dawson from the city was to be paid.   No claim whatever was made against the city for extra work.   So the case was tried; but on its conclusion the referee allowed an amendment of Dawson's answer, which authorized a recovery by him against the city for extra work in the sum of $5,840.   The evidence touching the extra work was not irrelevant to the issues as they then stood, and its admission did not necessarily admonish counsel for the city that a recovery for it was contemplated in the action.   Indeed, it appears that the claim for the extra work did not accrue till after the commencement of the action.   The amendment of Dawson's answer authorizing the recovery of the $5,840 was made at a meeting which the legal representative of the city did not attend, and which he and others supposed, though erroneously, to be held only for the purpose of summing up—a matter which, on the then state of the pleadings, was of no concern to his client.   On June 9, 1892, judgment in favor of Dawson against the city on account of the extra work was entered for the above-stated

amount. From the judgment the city appealed 16th September, 1892, and on October 1, 1892, made a motion for the order under review. The order, in effect, opens the judgment, permits the city to oppose the motion to amend, and, if need be, to resist Dawson's claim for the extra work. The order is not for a retrial of the case, or review by the referee of his own determination, but only opens a default for the litigation of an issue that had gone without contestation. Neither was the effect of the order merely to allow an exception to the ruling permitting the amendment. Nor yet was the referee functus officio, in the sense that the case might not be sent back to him for the purpose of opposing a motion that had prevailed by default, and, if necessary, to defend a claim not within the issues upon which the trial proceeded. Had the referee held this claim to be in issue on the original pleadings, and so have determined it, then, indeed, would he have been functus officio, and the order a direction to revise his decision and retry the case. Such being the nature of the order under review, the authorities so industriously collected by the learned counsel for the appellants are inapplicable to the point in judgment. The order being, in effect, the vacatur of a default taken against the respondent through its "mistake, inadvertence, surprise, or excusable neglect," was, by the express terms of the Code, within the competence of the court, and dependent on its discretion. Section 724. Nay, for that matter, independently of the statute, and irrespective of its restrictions, the court had inherent power to grant the relief afforded by the order. Vanderbilt v. Schreyer, 81 N. Y. 646; Dinsmore v. Adams, 48 How. Pr. 274, 66 N. Y. 618; Ladd v. Stevenson, 112 N. Y. 332, 19 N. E. Rep. 842; Hatch v. Bank, 78 N. Y. 487; In re Buffalo, Id. 362; Trustees v. Merriam, 59 How. Pr. 226.

The order, then, being within the jurisdiction of the court, was discretionary, and we are to say whether the discretion of the court in passing the order was abused or improvidently exercised. We think not. It is extremely doubtful whether, in any aspect, the claim for extra work can be made a ground of recovery against the city. Consolidation Act, § 1824 et seq. The order of the referee allowed an amendment to conform the pleading to the proof; but this can never be done on the trial, when, as here, the amendment changes substantially the claim or defense. Code, § 723; Dougherty v. Valloton, 38 N. Y. Super. Ct. 455, 457; Quimby v. Claflin, 13 Wkly. Dig. 203; Trustees v. Merriam, supra; Woolsey v. Trustees, *41 N. Y. 605; Price v. Brown, 98 N. Y. 388; Bockes v. Lansing, 74 N. Y. 437. Since it appears that all the money except the $5,840 has been distributed among the several claimants, and the only question to be litigated under the order on appeal is the validity of this claim for extra work, which concerns only Dawson and his assignees, we do not perceive any embarrassment or prejudice to other parties which should have prevented an exercise of judicial discretion in favor of the respondent; for certainly a municipal corporation is no less entitled than a natural person to relief from the consequences of the improvidence of its counsel, if, indeed, regard for the public interests do not give it a claim to even greater indulgence. Greer v.

Mayor, 1 Abb. Pr. (N. S.) 210, 211; Seaver v. Mayor, 7 Hun, 331; Brooks v. Mayor, 12 Abb. N. C. 350; Lunney v. Mayor, 14 Wkly. Dig. 140.   Observing, therefore, no abuse of discretion in the allowance of the order by the learned judge at special term, we decline to reverse it. Vanderbilt v. Schreyer, supra; Bryon v. Durrie, 6 Abb. N. C. 139; Jones v. Hoyt, 10 Abb. N. C. 324; Morss v. Hasbrouck, 13 Wkly. Dig. 393; Morrison v. Agate, 20 Hun, 23; Barton v. Barton, 24 Wkly. Dig. 219; Avery v. Railroad Co., (Super. Buff.) 9 N. Y. Supp. 404.

Order affirmed, with costs.   All concur.