(10 Misc. Rep. 699.)

### BURNS v. WALSH.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. PLEADING—AMENDMENT TO CONFORM TO PROOF—NEW CAUSE OF ACTION.
    In an action for wages an amendment of the complaint so as to set up a claim for money paid out for defendant introduces a new cause of action, and should not be allowed, though testimony as to such claim was admitted without objection. 30 N. Y. Supp. 807, reversed.

2. EVIDENCE—RECEIPTS.
    A receipt is prima facie evidence against the party giving it, and, unless explained or contradicted, is conclusive.

Appeal from city court, general term.

Action by Eward Burns against Augustin Walsh to recover for services rendered as engineer, and in taking care of defendant's premises No. 3 and 5 East Eighty-Fourth street, in the city of New York. From a judgment of the city court (30 N. Y. Supp. 807) affirming a judgment in favor of plaintiff, entered on a verdict for $145, damages, besides costs, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Michael J. Scanlan, for appellant.

Hector M. Hitchings, for respondent.

DALY, C. J. The plaintiff was permitted to recover $81 for moneys expended in hiring a boy to assist him in his work, at $18 per month, for 4½ months, besides $64, balance of wages for the month of June, at the rate of $80 per month. No claim for the $81, moneys expended, was set up in the complaint, and it was a different cause of action from that sued on. The recovery for that sum, therefore, should not have been allowed. His action was for wages, at a stipulated sum of $100 per month; but in his testimony he explained his claim as follows:

"I claim $80 for the month of June, and I claim repayment for the four months and a half that I paid this extra boy; and that, according to the testimony, at $18, makes $81, making in all $161. But all I ask is $145, to be on the safe side."

A motion was made at the close of plaintiff's case to dismiss all of the plaintiff's complaint except as to wages for the month of June, on the ground that the complaint contained no claim for moneys paid out, but was solely for services rendered. Thereupon plaintiff's counsel moved that the pleadings be made to conform to the proof,

which motion was granted, under objection of defendant's counsel that it introduced a new cause of action; and he duly excepted.

The amendment thus allowed was objectionable, on the ground that it introduced a new cause of action, and should have been denied. Although testimony as to this claim was not objected to when received, the plaintiff did not thereby acquiesce in the proof of a new cause of action, because the whole of the evidence was relevant to the issue whether the plaintiff was or was not employed at the rate of $80 per month. An amendment to conform the pleading to the proof can never be allowed on the trial when the amendment changes substantially the claim or defense, and the proof is relevant to the original issue. Fortunato v. Mayor (Com. Pl.) 21 N. Y. Supp. 963.

But the $81 in question could not be recovered even if properly pleaded, because the plaintiff is estopped by his own receipts. It appears that, under his agreement with the defendant, he was to receive $100 per month, and that this was punctually paid. The dispute on the trial was whether the plaintiff was to pay the wages of one boy or two boys to assist him; he claiming that he was to pay but one boy, $20 per month, and to retain the balance, or $80, for his own services; the defendant claiming that he was to pay both boys, leaving but $60 per month as his wages. The proof shows that for two months after he was originally employed, which was about November 1, 1891, he paid $40 per month out of the $100 for two boys to assist him, and did not then nor at the trial make any claim for such payment. but that he gave a receipt in full for the $100 each month. He then discharged one boy, but in February, 1892, was required by defendant to again employ two; and it is for the payment to the second boy, after that period, that he recovered on the trial, notwithstanding the fact that he still continued each month to give a receipt in full for all demands, upon receiving the stipulated $100 per month. The plaintiff's admission in making no claim for the payment to the second boy in November and December, and receipting in full for those months, and the re-employment of the boy when required by defendant, and receipting in full thereafter every month for the same sum, is of greater effect than simple corroboration of the defendant's version of the agreement. It should have been regarded as conclusive upon that point, as plaintiff is estopped by his receipts; the defendant having the right to rely upon them and the plaintiff's acts. Glass Co. v. Pabst, 101 N. Y. 621, 4 N. E. 519.

Even if the plaintiff was not estopped by his receipts, they were conclusively against any further claim for the period for which they were given, because they were wholly unexplained. "While a receipt is not conclusive evidence of all the facts and statements contained therein, and is open to explanation and contradiction by the party giving it, yet it is always considered as prima facie evidence of such facts, and, in the absence of a sufficient explanation showing its incorrectness, becomes conclusive evidence against the party giving it." Riley v. Mayor, 96 N. Y. 331. In the case before us the plaintiff did not attempt to explain in any manner how he came

to receipt in full for all claims and demands, each month, during his whole employment by the defendant. His receipts were "in full for any and all claims and demands for services rendered as engineer and agent, or otherwise, in and about premises No. 3 & 5 East 84th street." His own evidence established the contract as set up in the defendant's answer, viz. that his compensation was to be $100 per month, and not $80 per month, as he claimed in his complaint; the only dispute being whether he was to pay one or two boys out of that sum. He gave no reason why he receipted in full, and the facts do not explain it, but, on the contrary, established the correctness of the receipts, since he makes no claim for the first two months of the employment, during which he paid for two assistants.

The judgment should be reversed, and a new trial ordered, with costs of the appeal and the former trial to appellant to abide the event of the action. All concur.