## KOMP v. RAYMOND.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. ACCORD AND SATISFACTION—UNLIQUIDATED DEMAND.

Where it is admitted that one of two specified sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, as applied to the subject of accord and satisfaction.

2. SAME—RECEIPTS.

Under a contract for services rendered in Japan, the employer contended that the payment should be made in yens, and not in American money, and told defendant that he should take a check representing the payment in yens, or nothing. Plaintiff later accepted a check for the amount in yens, and signed a receipt stating that the amount was in full payment of

the contract, with salary, interest, and allowances. *Held*, that the receipt constituted an accord and satisfaction.

3. PAROL EVIDENCE.
    Parol evidence is not admissible to vary the terms of a statement amounting to an accord and satisfaction, except for fraud or mistake.
    Rumsey, J., dissenting.

Appeal from trial term, New York county.

Action by Frederick Komp against James I. Raymond, president of A. A. Vantine & Co. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

John L. Hill, for appellant.
Jesse S. Epstein, for respondent.

McLAUGHLIN, J. This action was brought to recover a balance alleged to be due the plaintiff for services performed for the defendant under a written contract. The answer, among other things, alleged an accord and satisfaction of the plaintiff's claim. The principal question litigated upon the trial was whether there had been an accord and satisfaction, and this is the only question which we deem it necessary to consider upon this appeal.

It appears that in December, 1890, the parties entered into a written contract by which the plaintiff agreed to render services in the empire of Japan for the defendant for the period of five years at a specified yearly salary, a portion of which was to be paid monthly to him in Japan, and the balance when he had completed the contract. The services were performed as agreed, and upon a final settlement a dispute arose between the parties as to the balance due, which depended upon the construction to be given to the contract,—as to whether the plaintiff was to be paid in Japanese money, called "yens," or the money of the United States. If the former, then the defendant was correct in its claim that only $1,250 was due; and, if the latter, the plaintiff was correct,—that there was over $6,000 due. That there was an honest dispute between the parties as to the amount actually due the plaintiff cannot, upon the facts presented, be seriously doubted. The plaintiff testified that, at the conclusion of an interview in which each sought to impress his views upon the other, he said to defendant's manager, "I cannot agree to your account at all," to which the manager replied: "You must agree to it. That is what I intended the thing to be. It was the intention to pay you that way [in yens], and that is what you have got to accept." He further testified that they became angry over the matter, and he finally declined to accept $1,250 in settlement; that the manager thereupon said: "Now, Komp, I am not going to argue this thing. I have nothing to argue at all. Now, that is final. I meant this to be paid to you in yens, and you have got to accept the yens. * * * You have got to take that check, or you get nothing,"—and thereupon the parties separated. A few days later another interview was had, in which the manager said to the plaintiff, "Have you decided to take that check yet?" and plaintiff replied, "Not exactly the way you want me

to take it." The manager responded: "Well, that is the way you have got to take it. You must either take that check now, or you get nothing. That settles it;" and the plaintiff said: "You insist that I give this receipt in full for the $1,250. Now, I will tell you what I will do. * * * I will sign your receipt in full if you will agree * * * that, if I can show you * * * that you are wrong about this,—that it should be dollars instead of yens,—you will pay me the balance later on. * * * If you don't pay me that balance, I will take the thing to court * * * for settlement;" and the manager replied, "All right." Plaintiff then accepted the check for $1,250, and signed the following instrument, which was indorsed upon the back of the contract referred to:

"Received payment, March 3rd, 1896, $1,250; being in full payment of this contract, expiring January 1st, 1896, with salary, interest, and allowances, besides closing his account to March 1st, 1896.                    Frederick Komp."

The plaintiff used the check, and applied the proceeds towards the reduction of the amount claimed by him under the contract, and then brought this action to recover the balance. He had a verdict for the full amount claimed, and from the judgment entered thereon the defendant has appealed.

We are of the opinion that, according to the plaintiff's own testimony, an accord and satisfaction was so conclusively established as to leave no question of fact for the jury. The plaintiff's claim was unliquidated. A demand is not liquidated, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two specified sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, as applied to the subject of accord and satisfaction. Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715. Here the plaintiff claimed, as we have already seen, that the defendant owed him something over $6,000, while the defendant claimed that it owed him but $1,250; and which one was correct depended upon the kind of money that the plaintiff was entitled to receive under the contract. Did, then, the acceptance by the plaintiff of the offer to pay a sum conceded to be due satisfy and discharge that claim? We think it did, and that an accord and satisfaction are evidenced by the statement signed by the plaintiff, which statement cannot be contradicted by parol evidence. This statement is something more than a mere receipt showing the payment of money. It is a contract by which the plaintiff agreed to accept the sum paid to him in full satisfaction and payment of the salary and allowances due him, besides closing his account to the day the writing was signed. There is no doubt about the general rule that a receipt given for the payment of money may be explained by showing by parol that the money was not paid, or that certain items were not intended to be included in it, and many authorities could be cited to this effect; but it is believed that no authority can be produced which goes so far as to hold, where the statement signed partakes of the nature of an agreement, as this one does, that it can be modified, varied, or contradicted, except for fraud or mistake, by parol evidence of what transpired at or prior to the time when the same was signed. On the contrary, the authori-

ties all agree, so far as we have been able to discover, that where a receipt contained anything in the nature of an agreement, upon the compromise or settlement of disputed claims, that one of the parties shall accept and receive from the other a certain sum in satisfaction and discharge of a claim, then the paper signed becomes and is a contract between them, and must be treated as such; that it cannot be varied or contradicted by parol, but is binding and conclusive upon the parties, in the absence of fraud or mistake. Coon v. Knap, 8 N. Y. 402; Egleston v. Knickerbacker, 6 Barb. 458. As was said by Judge Earl in Ryan v. Ward, 48 N. Y. 204:

"This grows out of the fact that a receipt is not a contract. It is a mere declaration or admission. When a contract is embodied in the receipt, it cannot be controverted or explained by parol."

In Coon v. Knap, supra, the plaintiff received personal injuries by the overturning of a stagecoach, and the defendant inquired if she would settle for $40, to which the plaintiff replied that if she got well, so she could walk, in three months from the time she was hurt, she would be satisfied with that sum, otherwise not. The defendant paid her $40, and took the following receipt: "Received of W. D. Knap forty dollars in full of damages done us by the stage accident on the 13th of June last." The injury proved to be more serious than it was supposed to be at the time the receipt was signed, and an action was thereafter brought to recover damages for the injuries. The court held that it could not be maintained; that the instrument was in the nature of a release,—constituted an accord and satisfaction; and that the same could not be explained or varied by parol, unless first shown to have been obtained by fraud or misrepresentation. In the case before us it is not suggested that any fraud or misrepresentation was practiced upon the plaintiff to induce him to sign the statement, or that he did not fully understand and comprehend its object when he signed it. The evidence conclusively shows that he knew that he was required to settle all his demands for $1,250, and that he was to take that sum as an accord and satisfaction, or he could not have it at all. The check and the receipt were drawn for this express purpose, and he knew it. Having this knowledge, he accepted and used the check, and signed the statement; and, under such circumstances, it was an accord and satisfaction of his claim (Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715; Preston v. Grant, 34 Vt. 201), and the trial court should have so held.

Defendant's objections to the admission of plaintiff's testimony tending to destroy the force and effect of the statement signed by him were well taken, and should have been sustained by the trial court; and defendant's motion to dismiss the complaint, made when the plaintiff rested, and at the close of the case, should have been granted. Exceptions were taken to all these rulings, and for the errors thus committed the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except RUMSEY, J., who dissents.