GENUNG v. VILLAGE OF WAVERLY.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. ACCORD AND SATISFACTION—ACCEPTING PAYMENT IN FULL.
   Where a contractor, having disputed claims against a village for a balance on a contract and for extra work, the village also claiming dam-

¶ 1. See Accord and Satisfaction, vol. 1, Cent. Dig. §§ 75, 76, 80, 92.

ages for delay in completing the work, was tendered a check by an agent of the village, with notice that such agent had no authority to deliver the check except in full settlement, the acceptance and cashing of such check, and giving a receipt for the amount thereof, reciting that it was the balance in full on the contract, constitutes an accord and satisfaction.

Appeal from judgment on report of referee.

Action by Sherman A. Genung against the village of Waverly. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

James Bacon, for appellant.
Frederick E. Hawkes, for respondent.

PARKER, P. J. This action is brought to recover a balance of $1,990.96, claimed to be due and owing upon a building contract in writing, and for certain extras accruing because of changes made therein. One of the principal items of difference between the parties was that the defendant charged the plaintiff $700 for not completing the building as required by the contract, being at the rate of $10 per day for 70 days; also there are many items of difference between them, both as to the items claimed to have been paid to or for the plaintiff's use by the defendant, and also concerning the extra work, etc., claimed to have been done by the plaintiff. Such contract was dated June 13, 1891, and the building was to have been completed January 1, 1892. It was actually completed about March 14, 1892, and this action was commenced about February 19, 1898. It was tried before a referee. In his decision he finds certain facts, from which he concludes, as matter of law, that an accord and satisfaction was had between the parties on May 17, 1892, as to all claims made in this action except one for storage of the defendant's hose cart and fire steam engine. For that claim he allows a recovery of $48 and interest from June 15, 1892, to August 21, 1901, this latter date being the date of the report, and directs that the plaintiff have judgment for that amount, and that as to all other items his complaint be dismissed. He declines to pass upon the merits of the several items in dispute, holding that the plaintiff's right to recover upon any of them was barred by such accord and satisfaction. From the judgment entered upon such report the plaintiff appeals.

The referee finds that H. J. Baldwin, who was president of the village when the contract was signed, and who was evidently an agent for the village in giving the check hereinafter mentioned, on May 1 1892, executed and delivered to the plaintiff a check, signed by himself as "ex president," and to be indorsed by Shipman, the then president, for the sum of $612.71, and received from the plaintiff in exchange therefor a receipt, of which the following is a copy:

"Recd., Waverly, N. Y., May 17th, 1892, of H. J. Baldwin, Ex-Prest. and B. C., six hundred and twelve 71/100 dollars, balance in full on department building contract according to audit of Pierce & Bickford, architects ($612.71).
    "[Signed]                              S. A. Genung."

That the plaintiff procured such check to be indorsed by Shipman, and thereafter, after indorsing it himself, drew the amount thereof

from the bank, and used it for his own purposes. It also clearly appears from the record that at the time the plaintiff took such check he made substantially the same claims against the defendant that he has made in this action. To such claims Baldwin replied that he had no authority to settle with him on any other basis than that the $612.71 was the full amount due him, and that if he took the check he must give a receipt in full for his claim. The plaintiff, in response, took the check and gave the receipt, but said that he would thereafter present his claim to the defendant's board of trustees. He did so during the following summer, and it was rejected. So the matter rested until after the lapse of nearly six years this action is brought. Evidently it is to recover the same claim that was made by the plaintiff when he took the check and which the defendant then refused to pay him.

Was the referee right in holding such transaction to be an accord and satisfaction? is the question now presented. It is manifest that the check was delivered to the plaintiff only on condition that he receive it in satisfaction of his full claim against the defendant. Baldwin denies specifically that he consented that it should be received under any other arrangement, and the receipt itself is clear evidence that the payment had been accepted in full of the plaintiff's whole claim. And it is also an explicit statement and agreement that it was the balance due him as fixed by the audit of the architects in charge of the work. It appears from the record that all of the items now the subject of dispute in this action had, at the time such receipt was given, been passed upon by the architects against the plaintiff's claim, either by the audit of Exhibit 13, or by the special audit of the item $88.78, as a proper claim against the plaintiff; and so, under the provisions of section 12 of the contract, it may well be concluded that Baldwin refused to settle with the plaintiff upon any basis other than as so fixed.

The demand between the plaintiff and defendant was an unliquidated one. Baldwin, on behalf of the defendant, offered to pay $612.71, claiming that was the full amount due him. The plaintiff, while claiming that a larger sum was due him, not only accepted the check, but deliberately procured Shipman's indorsement thereon, and obtained from the bank and retained to his own use the amount thereof. Such an acceptance amounts to an accord and satisfaction. As is said in Fuller v. Kemp, 138 N. Y. 237, 33 N. E. 1034, 20 L. R. A. 785: "The tender and the condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction." And as is further said on page 238, 138 N. Y., page 1035, 33 N. E., 20 L. R. A. 785: "When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or accept it upon such condition. If he takes it, his claim is canceled, and no protest, declaration, or denial of his, so long as the condition is insisted on, can vary the result." See, also, Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715; Komp v. Raymond, 42 App. Div. 32, 58 N. Y. Supp. 909.

The decision of the referee that such claim of the plaintiff was barred by an accord and satisfaction was correct, and hence the judgment which he ordered must be affirmed.

Judgment unanimously affirmed, with costs. All concur.