## WOERNER v. McINTYRE.

(Supreme Court, Appellate Term. March 5, 1908.)

APPEAL AND ERROR—REVIEW—CONFLICTING EVIDENCE.

    The decision of the trial court on conflicting evidence that the account sued on was not included in a receipt in full will not be disturbed on appeal.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3983–3989.]

    MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Albert M. Woerner against Thomas A. McIntyre. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Ormiston & McCormack (T. S. Ormiston, of counsel), for appellant.

Gavegan & McQuaid (Joseph L. Dougherty, of counsel), for respondent.

GILDERSLEEVE, P. J. The trial justice gave plaintiff judgment for $117.50 and costs. The defendant appeals.

Upon the settlement of a disputed claim, made by plaintiff against the defendant, the plaintiff received a check for $518.36 and gave a receipt reading: "February 2, 1907. Received payment in full to date." This receipt was written at the bottom of a long itemized bill amounting to $5,651.06. The claim in suit is for labor furnished in November, 1906, and was not among the items on the above-mentioned bill. The defense is accord and satisfaction. It is the plaintiff's contention that at the time he gave the receipt this item of $117.50 was expressly reserved for consideration thereafter. This is the sole issue in the case. Upon conflicting testimony the learned trial justice decided in favor of the plaintiff, and I find no reason for disturbing the judgment.

Judgment affirmed, with costs.

BISCHOFF, J., concurs.

MacLEAN, J. (dissenting). Apart from the evidence of the defendant and his secretary, this judgment appears contrary to the evidence of the plaintiff himself, who, at the end of the job, presented a long itemized bill, amounting to $5,851.06, with certain credits and deductions to the defendant, and was bidden to give it to the secretary, who would fix it up; that with the secretary some changes were made in the account, which itself exhibits corrections and erasures, finally leaving a balance of $518.36, a check for which he took and wrote at the bottom of the bill: "February 2, 1907. Received payment in full to date"—which was prima facie evidence of the accord and satisfaction pleaded in defense, and only to be overcome by a sufficient explanation. The explanation given by the plaintiff, an interested party, weakened by contradictions, with or without the inconsistent one attempted by his son, also an interested party, was not sufficient to do away with his specific declaration against interest. Komp v. Raymond, 42 App. Div. 32, 58 N. Y. Supp. 909. Moreover, the claim for payments for work done by girls, an item in dispute, on the objection that the work was badly done, was omitted from the account rendered. Paraphrasing the language of the learned bench in the Common Pleas (Burns v. Walsh, 10 Misc. Rep. 701, 31 N. Y. Supp. 788), the plaintiff's admission in making no claim for the payment to the girls and in receipting in full for all the other persons employed on the job is of greater effect than simple corroboration of the defendant's version of the agreement. It should have been regarded as conclusive.

The judgment should be reversed.